IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TRACY ISRAEL-STROBLE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 06-0681-CV-W-ODS |
| ) | Crim. No. 04-00156-03-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### ORDER AND OPINION DENYING MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion (Doc. # 1) is denied.

Pursuant to a plea agreement, Movant plead guilty to one count of conspiring to distribute fifty or more grams of methamphetamine. On August 24, 2005, Movant was sentenced to 151 months imprisonment. In calculating the sentencing range recommended by the Sentencing Guidelines, the Court found Movant's Base Offense Level was 34.[1] Movant did not appeal her sentence, but timely filed this request for relief pursuant to 28 U.S.C. § 2255 on June 14, 2006.

Movant contends her attorney provided ineffective assistance of counsel when he failed to explain the plea agreement to her, specifically the portions related to the waiver of her appeal rights. She also faults counsel for failing to honor her directive that he arrange for the narcotics to be tested – which she deems crucial, given that a co-defendant did challenge the test results and ended up with a Base Offense Level of 32. The Government contends Movant waived the right to raise this issue and, alternatively, Movant's claims lack merit. The Court agrees with the Government on both counts.

The Base Offense Level of 34 was calculated based on facts agreed to in the Plea Agreement. Paragraph 15(b) of the Plea Agreement declares Defendant

---

[1] A reduction for acceptance of responsibility was applied, making Movant's Adjusted Offense Level 31.

"expressly waives her right to appeal her sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence . . . ." Movant is attempting to collaterally attack her sentence by challenging facts agreed to in the Plea Agreement – but this is the very type of challenge she agreed not to raise.

Movant's claims would fail even if she had not waived them. A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). The Record conclusively demonstrates her inability to prevail. During the Rule 11 proceeding, Movant declared – under oath – that she understood everything that was in the plea agreement, had discussed it with her attorney, and disclaimed any desire to ask the undersigned questions about it. Doc. # 228 at 9.[2] She was specifically asked about the facts and estimates related to the guideline calculation and understood she could not withdraw her plea simply because she received a sentence she did not like. Doc. # 228 at 10-11. Most tellingly, Movant declared she was satisfied with her attorney's efforts, he had done everything she asked him to do (including investigations), and had not done anything she told him not to do. Doc. # 228 at 13-14. Movant's contention that she did not understand the waiver

---

[2]"Doc. # 228 at ___" is a reference to a page from the transcript of the Rule 11 proceeding, which is filed as Document No. 228 in the criminal case.

2

provisions of the Plea Agreement is also belied by her sworn statements. Doc. # 228 at 11-12.

Movant waived the right to raise these claims, which lack merit in any event. Her request for relief is denied.

IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, JUDGE
DATE: January 17, 2007                UNITED STATES DISTRICT COURT